*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re ALLIE/LOFLAND, Minors.

UNPUBLISHED
September 28, 2023

No. 365319
Wayne Circuit Court
Family Division
LC No. 2023-000208-NA

Before: SHAPIRO, P.J., and M.J. KELLY and CAMERON, JJ.

PER CURIAM.

Respondent[1] appeals as of right the trial court's order removing her minor children, TDA and BJL, from her care and custody and removing respondent from the family home. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2023, petitioner, the Michigan Department of Health and Human Services (DHHS), filed a temporary custody petition alleging respondent failed to provide support for the children and respondent's home was an unfit place for them. The petition further alleged respondent had a lengthy history of domestic violence with the fathers of both her children, which often occurred in front of the children. BJL would often intervene in the domestic violence incidents to protect respondent, and would often be harmed in the process. While the record indicates the fathers were usually the instigators, respondent often responded violently herself, and was arrested for domestic violence after one altercation. During another alteracation, BJL recorded the incident on respondent's cell phone, but, when police asked to review the footage, respondent reported she had deleted the video. The petition noted respondent's history of domestic violence with the children's fathers went back as far as 2014.

At the preliminary hearing, a Children's Protective Services (CPS) caseworker testified about respondent's history of domestic violence and history of failing to benefit from the numerous services offered to her. At the close of the hearing, respondent did not contest the authorization of

---

[1] The fathers of both TDA and BJL were also involved in the lower court proceedings. However, only respondent appeals the trial court's order.

the petition, which the trial court then authorized. The trial court found it was "clearly contrary to the welfare of [TDA and BJL] to remain in the home of any of the parents[,]" and ordered removal of both children from respondent's care. The trial court concluded the "long history of domestic violence[,]" and the fact respondent "failed repeatedly to protect her own children from a home full of domestic violence and criminality[,]" put TDA and BJL at risk of harm in respondent's care. Further, even though respondent was a victim of domestic violence, "she herself has been engaged in domestic violence, [including] assaulting, and slashing, [and] hammering [one of the fathers] in the presence of her children." The trial court also found DHHS "made more than reasonable efforts to prevent removal." The trial court could not think of a time "where there [had] been so many referrals" for a respondent, including referrals to Families First, domestic violence counseling, and a victim's advocate. The trial court ordered respondent to leave her home, and respondent was not allowed to be within 500 yards of her home, where TDA and BJL were to continue to reside with their maternal uncle. Respondent now appeals.

## II. ANALYSIS

On appeal, respondent argues the trial court erred when it removed TDA and BJL from her care and custody because there was insufficient evidence to support the requirements of MCL 712A.13a(9) and MCR 3.965(C)(2) and (3). Specifically, respondent argues there was minimal evidence it was contrary to the children's welfare to stay with respondent, and petitioner did not make reasonable efforts to prevent the removal of TDA and BJL. We disagree.[2]

"At the preliminary hearing, the court must decide whether to authorize the filing of the petition and, if authorized, whether the child should remain in the home, be returned home, or be placed in foster care pending trial." *In re Benavides*, 334 Mich App 162, 167; 964 NW2d 108 (2020).

> The court may order placement of the child in foster care if the court finds all of the following conditions:
>
> (a) Custody of the child with the parent presents a substantial risk of harm to the child's life, physical health, or mental well-being.

---

[2] DHHS argues on appeal respondent failed to preserve this issue. While we recognize respondent's failure to raise her challenge to the trial court failed to preserve this issue, we nonetheless choose to review respondent's arguments on the merits to prevent manifest injustice. *Heaton v Benton Construction Co*, 286 Mich App 528, 537; 780 NW2d 618 (2009).

This Court reviews unpreserved claims of error for plain error affecting substantial rights. *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020). "Even if an error occurred, this Court will not disturb the trial court's order unless it would be 'inconsistent with substantial justice' to permit the order to stand." *In re Williams*, 333 Mich App 172, 178; 958 NW2d 629 (2020), quoting MCR 2.613(A).

(b) No provision of service or other arrangement except removal of the child is reasonably available to adequately safeguard the child from risk as described in subdivision (a).

(c) Continuing the child's residence in the home is contrary to the child's welfare.

(d) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.

(e) Conditions of child custody away from the parent are adequate to safeguard the child's health and welfare. [MCL 712A.13a(9).[3]]

"MCR 3.965(C)(2) and MCL 712A.13a(9) explicitly require that the trial court find all the factors prior to removing a child from a parent's care." *In re Williams*, 333 Mich App 172, 184; 958 NW2d 629 (2020). MCR 3.965(C)(3) reiterates that contrary-to-the-welfare findings must be made in writing or on the record, and that, "[i]f continuing the child's residence in the home is contrary to the welfare of the child, the court shall not return the child to the home, but shall order the child placed in the most family-like setting available consistent with the child's needs." Additionally, "[r]easonable efforts findings must be made[,]" and "[w]hen the court has placed a child with someone other than the custodial parent, guardian, or legal custodian, the court must determine whether reasonable efforts to prevent removal of the child have been made or that reasonable efforts to prevent removal are not required." MCR 3.965(C)(4).

Respondent argues there was insufficient evidence to support the trial court's findings under MCL 712A.13a(9). We disagree.

Respondent has been involved in multiple domestic violence incidents with the fathers of both her children dating back as far as 2014. As noted, these incidents often occurred in front of the children, and the record indicates that during at least two of these incidents, BJL tried to intervene to protect respondent and was harmed in the process. While respondent was usually the victim in these incidents, she was arrested after one of them, and the record indicates respondent's responses in these situations were also violent. Furthermore, respondent declined to press charges against her husband, one of the fathers, and went so far as to erase evidence of the assault recorded by BJL on her cell phone. Respondent's participation in domestic violence incidents in front of her children and her failure to protect them by removing the fathers from their presence, particularly in light of the fact BJL has been physically harmed from trying to intervene in these incidents, supports the trial court's finding that the children would be at risk of harm should they remain in respondent's custody. MCL 712A.13a(9)(a). Furthermore, respondent allowed the fathers to continue being in her and her children's lives, despite being offered, and having completed, various services for domestic abuse victims. These facts supports the trial court's finding that there was no other arrangement besides removal to protect the children from harm,

---

[3] "MCR 3.965(C)(2) is identical in substance to MCL 712A.13a(9)." *Benavides*, 334 Mich App at 168 n 2.

-3-

and that allowing the children to continue living with respondent was contrary to their welfare. MCL 712A.13a(9)(b) and (c).

As noted, respondent has a lengthy history of domestic violence, and was first offered services in 2014. Respondent was also provided services after each subsequent domestic violence incident, of which there are at least five, including being provided with a victim's advocate, services from Families First, and domestic violence counseling. CPS also provided respondent with a community resource guide and included respondent in a Team Decision Making meeting in order to assist her and her family in smart decision-making practices. There is, therefore, adequate evidence to support the trial court's finding reasonable efforts were made to prevent removal. MCL 712A.13a(9)(d). Lastly, the children were placed with their maternal uncle and left in their family home, and the record does not indicate any problems with the uncle's ability to care for the children. This satisfies MCL 712A.13a(9)(e), because the conditions of the children's lives away from respondent were adequate to safeguard their welfare. Thus, the trial court made findings of all five requirements for removal under MCL 712A.13a(9), and there is no indication the trial court plainly erred in so doing.

Lastly, respondent argues DHHS failed to establish that allowing respondent to stay in the family home with the children would present a substantial risk of harm, and, therefore, she should not have been made to leave her home. As discussed above, we conclude there was sufficient evidence of a risk of harm to the children due to respondent's involvement in domestic abuse incidents with both of the fathers in either one child's, or both of the children's, presence, respondent letting both fathers back into the home after these altercations, and BJL being injured multiple times while attempting to intervene in these altercations. The trial court therefore did not err when it ordered the removal of respondent from the family home.

## III. CONCLUSION

Because there is no evidence the trial court plainly erred by removing the children from respondent's care and custody, and by removing respondent from the family home, we affirm.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Thomas C. Cameron